**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| JORGE C. ZAMORA-QUEZADA, M.D., | § | |
| M.P.H., P.A, | § | CASE NO.  16-70270 |
| | § | |
| Debtor. | § | |

**OBJECTION TO CLAIM NUMBER 17 OF DR. JORGE C. & MEISY ZAMORA-QUEZADA**

**This is an objection to your claim. The objecting party is asking the Court to disallow the claim that you filed in this bankruptcy case. You should immediately contact the objecting party to resolve the dispute. If you do not reach an agreement, you must file a response to this objection and send a copy of your response to the objecting party within 30 days after the objection was served on you. Your response must state why the objection is not valid. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**

**A hearing has been set on this matter on _____at _____ in courtroom _____**

Hitachi Medical Systems America, Inc. ("HMSA") and Michael B. Schmidt, Chapter 7 Trustee (the "Trustee"), respectfully submit this objection pursuant to 11 U.S.C. §§ 105(a) and 502 (the "Objection") to the proof of claim (the "Proof of Claim") assigned number 17, in the amount of $3,724,916.62, filed by Dr. Jorge C. & Meisy Zamora-Quezada (the "Claimants").  In support of this Objection, HMSA and the Trustee state as follows:

**PROCEDURAL BACKGROUND**

1.      On June 30, 2016 (the "Petition Date"), Jorge C. Zamora-Quezada, M.D., M.P.H., P.A. (the "Debtor") filed its Voluntary Chapter 7 Bankruptcy Petition (ECF 1).

2.      On July 25, 2016, the Trustee filed adversary case number 16-70270 against Dr.

Jorge C. Zamora-Quezada, Lone Star National Bank, and the Law Offices of Ramon Garcia, to avoid preferential and/or fraudulent transfers made for the benefit of Dr. Jorge C. Zamora-Quezada. *See* Trustee's Compl., Adv. Case No. 16-70270 (ECF 12).

3.      On August 31, 2016, the Trustee filed a Notice of Assets, Notice to Creditors and Other Parties in Interest of the Need to File Claims (ECF 66), setting a deadline of December 6, 2016, for filing proofs of claim.

4.      On December 5, 2016, Dr. Jorge C. & Meisy Zamora-Quezada filed Proof of Claim number 17 for an unsecured, non-priority claim in the amount of $3,724,916.62.  *See* Ex. A, Proof of Claim.

5.      On January 25, 2017, HMSA and the Trustee Filed adversary case number 17-07002 against Dr. Jorge C. Zamora Quezada, Meisy Zamora-Quezada, several of Dr. Zamora's family members, and several entities controlled by Dr. Zamora to avoid and recover preferential and/or fraudulent transfers made for the benefit of Dr. Zamora, Meisy Zamora, and others; for damages resulting from breach of fiduciary duty by Dr. Zamora; and to pierce the corporate veil and hold Dr. Zamora personally liable for the Debtor's debts.  *See* Trustee and HMSA's Compl., Adv. Case No. 17-07002 (ECF 141).

## OBJECTION

6.      Section 502(a) of the Bankruptcy Code, which governs objections to claims, provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  A proof of claim that complies with Federal Rule of Bankruptcy Procedure 3001(c) is presumed valid, but the claimant nonetheless bears the ultimate burden of proof to show that her claims are valid.  *See, e.g., In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998).

I.      **The Proof Of Claim Contains No Supporting Documentation**

7.      The documentation attached to the Proof of Claim is insufficient and fails to satisfy the requirements of Federal Rule of Bankruptcy Procedure 3001.  Under Federal Rule of Bankruptcy Procedure 3001(c), "a claim based on a writing must be filed with the original or a duplicate of the writing."  *In re Tran*, 351 B.R. 440, 445 (Bankr. S.D. Tex. 2006), *aff'd*, 369 B.R. 312 (S.D. Tex. 2007).

8.      The Proof of Claim here purports to be based on a writing: "promissory notes." *See* Ex. A, Proof of Claim at 2.  But no promissory notes or documents of any kind are attached to the Proof of Claim.  Accordingly, the Proof of Claim does not enjoy a presumption of validity. *See* FED. R. BANKR. P. 3001(c).  The Debtor has failed to prove the existence of any valid promissory notes on which the Debtor is liable or that the Debtor is in fact liable on those promissory notes.  Accordingly the Proof of Claim should be disallowed.

II.     **The Claimants Are Recipients of Preferential And/Or Fraudulent Transfers And Their Claim Should Be Disallowed Under 11 U.S.C. § 502(d)**

9.      Next, both Claimants are transferees of preferential and/or fraudulent transfers and therefore their claims should be disallowed.  Under 11 U.S.C. § 547(d), "the court shall disallow any claim of any entity . . .  that is a transferee of a transfer avoidable under section . . . 547, [or] 548 . . . of this title, unless such entity or transferee has paid the amount, or turned over any such property."

10.     Two adversary actions are pending against Dr. Zamora and one against Meisy Zamora seeking to avoid preferential or fraudulent transfers under 11 U.S.C. §§ 547 & 548.  *See* Trustee's Compl., Adv. Case No. 16-70270 (ECF 12); Trustee and HMSA's Compl., Adv. Case No. 17-07002 (ECF 141).  In these two adversary actions, the Trustee and HMSA will prove that Dr. Zamora and Meisy Zamora are the beneficiaries of several million dollars in avoidable

preferential and/or fraudulent transfers.   Accordingly, as recipients of preferential and/or fraudulent transfers, the Claimants' Proof of Claim should be disallowed.

### III.     The Claimants' Claims Should Be Equitably Subordinated

11.     Finally, the Proof of Claim should be equitably subordinated, because the Claimants are Debtor insiders that engaged in gross fraud and inequitable conduct.  The Fifth Circuit has laid out a three-pronged test to determine "whether and to what extent a claim should be equitably subordinated: (1) the claimant must have engaged in some sort of inequitable conduct, (2) the misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant, and (3) equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Code." *Matter of Clark Pipe & Supply Co., Inc.,* 893 F.2d 693, 697 (5th Cir. 1990).

12.     The courts have recognized three general categories of conduct considered sufficient to warrant equitable subordination: (1) fraud, illegality, breach of fiduciary duties; (2) undercapitalization; and (3) claimant's use of the debtor as a mere instrumentality or alter ego. *Matter of Missionary Baptist Found. of Am., Inc.*, 712 F.2d 206, 212 (5th Cir. 1983).

13.     As described in the Trustee's and HMSA's adversary complaint in case number 17-07002, the Claimants were both involved in a fraudulent scheme to undercapitalize, render insolvent, and fraudulently deplete the assets of the Debtor, and throughout this scheme, continually used the Debtor as a mere alter ego of Dr. Zamora.   *See* Trustee and HMSA's Compl., Adv. Case No. 17-07002 (ECF 141).  The conduct alleged is far beyond that sufficient to warrant equitable subordination, and fits within all three categories of conduct that warrant equitable subordination.  *See Matter of Missionary Baptist Found. of Am., Inc.*, 712 F.2d at 212. This conduct resulted in direct injury to the creditors in depleting the assets of the estate and diluting their claims.  Accordingly, the Proof of Claim should be subordinated to the claims of

the other non-insider unsecure creditors.

## Reservation of Rights

14.     HMSA and the Trustee expressly reserve all rights to object to the Proof of Claim in the future on any other grounds permitted by bankruptcy or non-bankruptcy law, and to amend, modify and/or supplement this Objection, including without limitation, to object to any amended claims and/or newly-filed claims. *See Southland Corp. v. Kilgore & Kilgore (In re Southland Corp.)*, 19 F.3d 1084 (5th Cir. 1994) (stating that an objection to a claim is not required to list every theory of objection so long as the creditor is put on notice that litigation is required to resolve an actual dispute).

## Conclusion

WHEREFORE, HMSA and the Trustee respectfully request that the Court disallow and expunge the Proof of Claim, or, in the alternative, subordinate this Proof of Claim to all other non-insider unsecured creditors.  HMSA and the Trustee also request any further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

Law Offices of Michael B. Schmidt

*/s/ Michael B. Schmidt* _____
Michael B. Schmidt
Texas Bar No. 17775200
Fed. I.D. No. 10260
401 Grant Pl.
Corpus Christi, TX 78411
Telephone: 361.884.9949
Facsimile: 361.884.6000
m_schmid@swbell.net

ATTORNEY FOR TRUSTEE

Dated: January 27, 2017

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Craig A. Stanfield* _____
Craig A. Stanfield
Texas Bar No. 24051371
Fed. I.D. No. 789722
I. Clay Rogers
Texas Bar No. 17172150
Fed. I.D. No. 13264
Chad E. Stewart
Texas Bar No. 24083906
Fed. I.D. No. 2868363
Crystal R. Axelrod
Texas Bar No. 24078170
Fed. I.D. No. 1654454
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001
craig.stanfield@morganlewis.com
clay.rogers@morganlewis.com
chad.stewart@morganlewis.com
crystal.axelrod@morganlewis.com

– and –

Paul R. Wilson
PRWilson Law Firm, P.C.
Texas Bar No. 21707300
Fed I.D. No. 14676
Wilson Professional Building
323 W. Cano, 2nd Floor
Edinburg, TX  78539
Telephone: (956) 316-0545, ext. 303
Facsimile: (956) 316-0747
paul@wilsonlawfirm.net

ATTORNEYS FOR HITACHI MEDICAL
SYSTEMS AMERICA, INC.

<u>**CERTIFICATE OF SERVICE**</u>

I certify that, on January 27, 2017, I caused a true copy of the foregoing document to be served via CM/ECF on the Debtor, its counsel, and all other parties in interest who receive service via electronic case filing.

<u>*/s/ Craig A. Stanfield*</u>
Craig A. Stanfield