

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
02/20/2019

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| JORGE C. ZAMORA-QUEZADA, M.D., M.P.H., § | BANKRUPTCY NO. 16-70270-EVR | |
| P.A., § | | |
| DBA MULTI SPECIALTY CLINIC, § | | |
| DBA MCALLEN ARTHRITIS AND § | | |
| OSTEOPOROSIS CENTER, § | | |
| DBA ANGELES MULTI SPECIALTY CLINIC, § | | |
| § | CHAPTER 7 CASE | |
| DEBTOR. § | | |

| | | |
|---|---|---|
| CATHERINE S. CURTIS, CHAPTER 7 TRUSTEE, § | | |
| § | | |
| PLAINTIFF, § | | |
| § | | |
| VS. § | ADVERSARY NO. 18-07025 | |
| § | | |
| TONY YZAGUIRRE JR., IN HIS CAPACITY AS § | | |
| CAMERON COUNTY TAX COLLECTOR, § | | |
| § | | |
| DEFENDANT. § | | |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT UNDER BANKRUPTCY RULE 9019**

CAME ON FOR CONSIDERATION the *Chapter 7 Trustee's Motion to Approve Compromise and Settlement under Bankruptcy Rule 9019* filed by Catherine S. Curtis, the Chapter 7 Trustee, by and through her counsel Pulman, Cappuccio & Pullen, LLP (the "**Motion**").[1]  The Court, having considered the Motion, any response thereto, the record, and agreement of counsel, finds as follows:

---

[1]   Capitalized terms unless otherwise defined herein shall have the same meaning as ascribed to them in the Motion.

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core matter pursuant to 28 U.S.C. § 157(b).

4. Proper notice has been given and the Motion is timely, has merit, and is well taken.

Therefore, it is **ORDERED** that the Motion is **APPROVED**. The Settlement Amount shall be made payable to the Trustee as provided in the Settlement Agreement. Trustee and Defendant are hereby authorized to take any and all actions necessary to consummate the Settlement Agreement and conclude the transactions proposed in the Motion.

**IT IS FURTHER ORDERED** that, upon Defendant issuing a refund in the Settlement Amount, the tax obligations and related tax liens shall be reinstated by Cameron County effective as of the date the obligation was paid by the Debtor, and the said tax liens will automatically attach and be perfected, in accordance with Section 32.01 of the Texas Property Tax Code, against the Properties which secured the paid tax obligations, with the same validity, extent and priority that existed on the date of payment.

**IT IS FURTHER ORDERED** that nothing in the Settlement Agreement shall alter the statutory rights of Cameron County, as outlined in Section 33.41 of the Texas Property Tax Code, to pursue collection of ad valorem taxes, penalties and interest against the owner of the Properties which secure said tax obligations paid by the Debtor.

**IT IS FURTHER ORDERED** that that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Signed: February 20, 2019

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

{00394989}                    2

**SUBMITTED BY:**

Thomas Rice
Texas State Bar No. 24025613
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile
Trice@pulmanlaw.com